UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAL BRIAN STICKNEY,

       Plaintiff,                       CIVIL ACTION NO. 10-10487

     v.                                 DISTRICT JUDGE GERALD E. ROSEN

COUNTY OF OAKLAND,                MAGISTRATE JUDGE MARK A. RANDON
DAVID GORCYCA, DAWN HIMES,
MICHAEL SCOTT HIMES, DEREK
MEINECKE, MICHAEL J. BOUCHARD,
SPIKER, RANDALL PRASKI, SHIRLEY
ANN DAVIS, and JIMMY RICHARDSON,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT THE OAKLAND COUNTY AND INDIVIDUAL DEFENDANTS' MOTIONS (DKT. NOS. 35 AND 36) SEEKING CONCURRENCE IN THE TROY DEFENDANTS' DISPOSITIVE MOTION**

Plaintiff, Hal Stickney, proceeding *pro se*, filed this action pursuant to 42 U.S.C.§ 1983 against three groups of defendants – "the City of Troy Defendants," "the Oakland County Defendants" and "the Individual Defendants"[1] – alleging that they conspired against him in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments and several state common laws. Plaintiff's claims emanate from his arrest, pre-trial detention and prosecution on two charges of aggravated stalking against Dawn Himes. Following separate preliminary examinations, a state court judge in Michigan determined that probable cause existed to believe Plaintiff committed both crimes

---

[1] The Oakland County Defendants are: the County of Oakland, David Gorcyca, Derek Meinecke, Michael Bouchard, Supervisor Spiker and Randal Praski. The individual Defendants are: Dawn Himes, Shirley Ann Davis and Jimmy Richardson. Defendant Michael Scott Himes has not been served.

- 1 -

and ordered Plaintiff to stand trial on both charges. The charges were later dropped before the trial date.

Before the Court are the motions of the Oakland County Defendants (Dkt. No. 35) and the Individual Defendants (Dkt. No. 36). The motions (filed on November 30 and December 1, 2010, respectively) seek concurrence in the Troy Defendants' motion to dismiss or, alternatively, for summary judgment (Dkt. No. 26). To date, Plaintiff has not filed a response to either motion or demonstrated any interest in pursuing this lawsuit – beyond the filing of his complaint.

On January 4, 2011, the undersigned filed a Report and Recommendation to grant the Troy Defendants' dispositive motion (Dkt. No. 40). Plaintiff did not file a response to the Troy Defendants' motion or objections to the Report and Recommendation. Chief Judge Rosen, therefore, adopted the Report and Recommendation on January 27, 2011. The Report and Recommendation should have, but did not address the Oakland County and Individual Defendants' motions seeking concurrence. This Report and Recommendation does.

As fully discussed in the Report and Recommendation of January 4, 2011, like the Troy Defendants, Plaintiff's claims against the Oakland County Defendants and the Individual Defendants are precluded by the Michigan court's determination that probable cause existed to believe Plaintiff had twice committed the crime of aggravated stalking. *Smith v. Thornburg*, 136 F.3d 1070 (6th Cir. 1998); Dkt. No. 40, p. 8.[2]

---

[2] Like the City of Troy, Plaintiff's claims also specifically fail against the County of Oakland because Plaintiff failed to allege that a policy or custom of the County was a direct proximate cause of the alleged violation of his constitutional rights. The Oakland County Defendants, collectively, also offer a number of other meritorious defenses: prosecutorial immunity, immunity pursuant to MCL 691.1407(5) and the statute of limitations, etc. (Dkt. No. 35). In addition, Plaintiff's state law claims against the Individual Defendants (tortious interference with contract, tortious interference with business expectancy, fraud, unjust enrichment and stalking) – though properly dismissed with prejudice – could, alternatively, be dismissed without prejudice upon the certain dismissal of his federal claims.

Additionally, defendant Michael Scott Himes has not been served despite efforts by the U.S. Marshal to effectuate service.  Under Fed. R. Civ. P. 4(m), a defendant must be served within 120 days of filing the complaint.  Himes has remained unserved for more than twelve months (since February 3, 2010).  Therefore, unless Plaintiff provides an address at which to serve Michael Himes within the 14 day time period for filing an objection (described below) his claims against Himes should be dismissed.  This Report and Recommendation, therefore, serves as notice to Plaintiff under Rule 4(m).

Accordingly, for the reasons set forth above and in the Report and Recommendation of January 4, 2011 – which is fully incorporated herein – **IT IS RECOMMENDED** that the Oakland County and Individual Defendants' unopposed motions (Dkt. Nos. 35 and 36) seeking concurrence and joinder in the Troy Defendants' motion be **GRANTED**.  It is **FURTHER RECOMMENDED** that unless Plaintiff provides an address for Defendant Michael Scott Himes within the time period to file an objection (described below), his entire lawsuit should be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                         s/Mark A. Randon
                                                         MARK A. RANDON
                                                         UNITED STATES MAGISTRATE JUDGE

Dated:  May 12, 2011

*Certificate of Service*

    *I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 12, 2011, by electronic and/or first class U.S. mail.*

                                                          *s/Melody R. Miles*
                                                          *Case Manager to Magistrate Judge Mark A. Randon*
                                                          *(313) 234-5542*